IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SANDRIA SHELDON #1363945 | § | |
| v. | § | CIVIL ACTION NO. 6:08cv94 |
| TRINITY MOTHER FRANCES HOSPITAL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Sandria Sheldon, proceeding *pro se*, filed this lawsuit complaining of alleged violations of her constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Sheldon says that on February 19, 2006, a nurse named Lynda Archer at Mother Frances Hospital in Tyler denied her treatment from injuries which she sustained from being assaulted by a person named Brad Medlin. Sheldon also says that Archer also denied her a rape kit. She explains that she told Archer that "the cop made me have sex with him," and Archer asked the cop if a rape kit was needed. The cop "stuttered no" and Archer started laughing.

The Magistrate Judge reviewed the pleadings and noted that Sheldon had signed her lawsuit on March 8, 2008, approximately two years and three weeks after the incident complained of had occurred. The Magistrate Judge stated that the statute of limitations in Section 1983 cases in the State of Texas is two years, but that Sheldon did not sign her lawsuit until after this period had expired. The Magistrate Judge therefore recommended that the lawsuit be dismissed.

Sheldon filed objections to the Magistrate Judge's Report arguing that she is not time-barred because of the discovery of new evidence during a 2007 trial for driving while intoxicated.

Specifically, she says, the new evidence which she discovered was the identity of the hospital to which she was taken and the name of the nurse that she saw. She says that she did not have this information previously and that she learned of it for the first time in 2007, and so her limitations period should not expire until 2009.

The Fifth Circuit has held that under federal law, the limitations period begins to run the moment the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). This means that the limitations period starts to run when "the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Jenson v. Snellings, 841 F.2d 600, 606 (5th Cir. 1988).

In this case, Sheldon was obviously aware of the incident complained of at the time that it happened . She could readily have discovered the relevant facts necessary to undertake her lawsuit. Nor has Sheldon shown any valid basis for equitable tolling of the statute of limitations. Her objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A. Finally, it is

       ORDERED that any and all motions which may be pending in this action are hereby DENIED.

       **So ORDERED and SIGNED this 15th day of July, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**